IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PERT 35, INC.,

                    Plaintiff,

                                        Civil Action No.
          vs.                           3:09-CV-0448 (TJM/DEP)

AMARI AVIATION LTD.
c/o Absolute Aviation (Pty) Ltd.,

                    Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

WHITE, WILLIAMS LAW FIRM        EDWARD T. FISHER, ESQ.
1650 Market Street              PETER J. MOONEY, ESQ.
One Liberty Place
Suite 1800
Philadelphia, Pennsylvania 19103

OFFICE OF MICHAEL SPANO         MICHAEL SPANO, ESQ.
304 South Franklin Street
Syracuse, New York 13202

FOR DEFENDANT[1]:

AMARI AVIATION LTD.
c/o Absolute Aviation (Pty) Led.
Hangar 103
Lanseria International Airport
Lanseria 1748, South Africa

_____

    [1]    The certificate of service filed by plaintiff's counsel on February 12, 2010
provides two different addresses for the defendant.  *See* Dkt. No. 35.

AMARI AVIATION LTD.
3 Melrose Blvd.
3rd Floor, Unit 15
Melrose Arch 2196
Johannesburg, South Africa

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Pert 35, Inc. ("Pert 35"), a Delaware corporation, has

commenced this action against Amari Aviation Ltd. ("Amari"), an entity

purportedly formed under the laws of South African and doing business in

that country, asserting breach of contract and fraud and misrepresentation

claims and alleging diversity of citizenship as a basis for the court's

subject matter jurisdiction.  Plaintiff's claims arise from a contract under

which Amari agreed to purchase from Pert 35 a Bombardier Learjet.

Plaintiff claims that Amari is in breach of that agreement for failing to

finalize its purchase of the aircraft.

Since appearing in the action, both by filing a motion to dismiss and

subsequently interposing an answer with counterclaim, the two law firms

representing Amari moved for and were granted leave to withdraw as

attorneys of record for the defendant.  In the order granting that relief the

defendant, a corporation, was ordered to retain substitute counsel who

was to appear in the action within thirty days. Despite that directive, there has been no appearance by a substitute attorney representing Amari.

In light of Amari's failure to appear through counsel and to obey the court's directive that substitute counsel be retained and appear in the action, Pert 35 now seeks an order striking defendant's answer and counterclaim and directing the entry of default judgment. For the reasons set forth below, I recommend that plaintiff's motion be granted.

I.    BACKGROUND

On June 3, 2008, Pert 35 and Amari entered into an aircraft sales agreement providing for the sale to Amari of a Bombardier Learjet Model 35A, Registration #N117PK, for the total sum of $1,995,980.00 in United States dollars ("USD"). Complaint (Dkt. No. 1) ¶¶ 3-4 and Exh. A. With execution of the contract, Amari submitted a non-refundable deposit of $100,000 to an escrow agent, Insured Aircraft Title Service, located in Oklahoma City, Oklahoma. *Id.* ¶ 5. The agreement set forth provisions for inspection and acceptance of the aircraft by the purchaser, as well as addressing the timing of closing and delivery of the aircraft. *Id.* Exh. A ¶¶5-8. The agreement further provided that time was of the essence with respect to the obligations set forth within it. *Id.* ¶ 22. It was contemplated between the parties that a closing on the Learjet purchase would occur on

3

or about June 30, 2008, although the closing date was later moved to August, 2008 by mutual agreement of the parties.  Complaint (Dkt. No. 1) ¶¶ 6-7.

After a series of further delays in closing, at the request of Amari, on October 31, 2008 defendant communicated its refusal to purchase the subject aircraft .  Complaint (Dkt. No. 1) ¶ 11.  Defendant apparently relented and proposed that the closing take place in December of 2008, but during that month notified Pert 35 that it could not purchase the aircraft until at least March 31, 2009.  *Id.* ¶¶ 12-13.

By letter dated January 29, 2009, Pert 35 notified Amari that in light of its repeated failure to close on the purchase, it had forfeited the $100,000 non-refundable deposit and requested that it authorize the escrow agent to release the escrowed funds to Pert 35.  Complaint (Dkt. No. 1) ¶ 14 and Exh. B.  While Amari has since agreed that the deposit should be forfeited, it has failed to authorize its release to Pert 35.  *Id.* ¶ 13.  On or about March 9, 2009 after receiving two letters from Pert 35 confirming its failure to finalize the purchase of the aircraft, Amari purported to cancel the agreement and indicated it would not perform its obligations under the contract.  *Id.* ¶ 17.

II.     PROCEDURAL HISTORY

Plaintiff commenced this action on April 14, 2009, asserting claims

against Amari for breach of contact as well as fraud and

misrepresentation.  Dkt. No. 1.  Plaintiff's complaint seeks both monetary

damages and declaratory relief.  *Id.*  Following service of the summons

and complaint, *see* Dkt. No. 6, Amari appeared in the action by filing a

motion to dismiss plaintiff's complaint on June 10, 2009, arguing that the

fraud and misrepresentation claim was subject to dismissal because it

duplicated its breach of contract claim and failed to comply with the

pleading specificity requirements of Rule 9(b) of the Federal Rules of Civil

Procedure.  Dkt. No. 8.  In its motion, Amari also sought dismissal of

plaintiff's breach of contract cause of action, arguing that Pert 35 failed to

allege compliance with a condition precedent to the sale, including that it

inspect and accept delivery of the subject aircraft.  *Id.*

A hearing was conducted by Senior District Judge Thomas J.

McAvoy on July 14, 2009, at which he issued a bench decision dismissing

plaintiff's fraud claim but otherwise denying defendant's motion.  Dkt. No.

23.  An order was subsequently issued on July 23, 2009 memorializing

that determination.  Dkt. No. 25.  Following the issuance of Judge

McAvoy's order, defendant filed an answer on August 6, 2009 generally

5

denying plaintiff's allegations, setting forth various affirmative defenses, and asserting a counterclaim for breach of contact seeking recovery of monetary damages.  Dkt. No. 26.

On October 29, 2009 the two firms previously appearing on behalf of the defendant, Blank, Rome, LLP and Hancock & Estabrook, LLP, moved for an order pursuant to Northern District of New York Local Rule 83.2(b) permitting them to withdraw as defendant's attorneys of record.  Dkt. No. 29.  That motion, which was not opposed by either Pert 35 or Amari, was granted by my order of December 2, 2009.  Dkt. No. 32.  In that order I noted that, as a corporation, Amari cannot appear in this action *pro se* and therefore directed defendant to notify the court within thirty days of the identity of new counsel who would be representing that corporation and that the attorney promptly file a notice of appearance with the court.  *Id.* Despite the passage of more than thirty days, there has been no appearance by substitute counsel on behalf of defendant Amari.[2]

On February 12, 2010, Pert 35 filed with the court a motion to strike Amari's answer, including its affirmative defenses and counterclaim, and entry of default judgment against it pursuant to Rule 55(b) of the Federal

---

[2]      In that order I also granted a request by plaintiff's counsel for stay of certain deadlines in the case, including for completion of early neutral evaluation and disclosure of plaintiff's expert report.  Dkt. No. 32.

Rules of Civil Procedure and Northern District of New York Local Rule
55.2(b).  Dkt. No. 34.  Accompanying that motion was a certificate of
service showing that it was sent to Amari at two separate addresses in
South Africa.  Dkt. No. 35.  Although a response to the motion was due on
March 8, 2010, no response has been received from or on behalf of the
defendant.

III.    <u>DISCUSSION</u>

      A.    <u>Motion To Strike Defendant's Answer</u>

As a corporation, Amari is not authorized to appear *pro se* and
represent itself in the action; absent extraordinary circumstances not
presented in this case, a corporation may only appear in a federal district
court through counsel.  *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d
Cir. 2007).  Based upon the circumstances now presented, the court
retains the inherent authority to preclude participation of Amari, as an
unrepresented corporation, in the litigation and to strike the answer
previously on file, interposed through counsel, and to direct the entry of
default judgment.  *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.,* 216
F.R.D. 14, 15 n.3 (D.D.C. 2003).  Finding no reason to depart from this
customary course of action, based upon Amari's failure to communicate
with the court clerk and to comply with the court's December 2, 2009

7

directive, I recommend that its answer, with counterclaims, Dkt. No. 26, be stricken, and that the clerk be directed to enter the default of defendant Amari in this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[3]  *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (citing *S.E.C. v. Research Automation Corp.,* 521 F.2d 585, 589 (2d Cir. 1975)), *cert. denied*, 549 U.S. 1114, 127 S.Ct. 962 (2007).

> B.   Motion for Entry of Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment in the event a defendant has failed to plead or otherwise defend in an action.  *Parise v. Riccelli Haulers, Inc*., 672 F. Supp. 72, 74 (N.D.N.Y. 1987).  That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered, requiring a plaintiff to 1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a

---

[3]   Accompanying plaintiff's motion is a request to the clerk for the entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 34-8.

member of the United States Military Service.  Fed. R. Civ. P. 55(b)(2);

N.Y.N.D.L.R. 55.1 and 55.2; *see Continental Ins. Co. v. Huff Enterprises,*

*Inc.,* No. 07-cv-3821, 2009 WL 3756630, at *2-3 (E.D.N.Y. Nov. 6, 2009).

The first two of these requirements are easily met.  Defendant has

been served in the action, and indeed has appeared without asserting lack

of personal jurisdiction as a defense.  Additionally, if the recommendations

contained within this report are adopted, defendant's answer will have

been stricken and its default entered by the clerk.

Defendant's failure to appear constitutes an admission of all well-

pleaded allegations in the complaint.  *Volkswagen AG v. V.W. Parts*, *Inc.,*

No. 08-CV-820, 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009)

(McAvoy, S.J.) (citing *H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107

(2d Cir. 2006)).  The facts alleged meet all of the requirements under New

York Law for supporting a breach of contract claim, alleging proof of 1) the

existence of a contract 2) performance by Pert 35 of its obligations under

the contract; 3) breach by Amari of its obligations under the contract; and

4) damages.  *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525

(2d Cir. 1994).

Although defendant's default constitutes a concession of plaintiff's

allegations, it is not considered an admission of damages.  *Volkswagen*

*AG*, 2009 WL 1045995, at *1 (internal citation omitted). A court may conduct a hearing to determine the amount of damages to award in a default setting, but need not do so where it is satisfied that there is a sound basis for the damages specified in the requested judgment.  *Id*. (citing *Fustok v. ContiCommodity Serv., Inc.,* 873 F.3d 38, 40 (2d Cir. 1989)).  In this case, since plaintiff seeks a sum certain based upon a contract specifying a purchase price for the aircraft at issue, a hearing on the issue of damages is unnecessary.  See *United States v. Franklin*, No. 09-CV-1037 2009 WL 3698388, at *1 (E.D.N.Y. Oct. 27, 2009).

In support of their motion, plaintiff has provided the court with an affidavit from David J. Acquesta, the General Counsel and Secretary of Pert 35.  *See* Dkt. No. 34-5.  In his affidavit, Attorney Acquesta notes that Amari agreed to buy a Bombardier Learjet, Model 35A, Registration #N117PK from Pert 35 for the total sum of $1,995,980.00 USD.  *Id*. at ¶ 4. Pursuant to the agreement, Amari submitted a non-refundable deposit of $100,000.00 USD to Insured Aircraft Title Service, located in Oklahoma City, Oklahoma, as escrow agent.  *Id.* at ¶ 5.  In an effort to mitigate its damages, Pert 35, sold the aircraft to a third party, World Jet of Delaware, on March 31, 2009 for $1,007,000.00 USD.  *Id.* at ¶ 8 and Exh. 1.  Plaintiff now seeks to recover $988,980.00 USD, the difference between the

10

negotiated purchase price in the contract with Amari and the actual sale price paid by World Jet of Delaware, or $1,995,980.00 less $1,007,000.00.[4]  *Id.* at ¶ 9.  Plaintiff's request for default judgment does not include any claim for additional consequential damages, but seeks only to recover the difference between the agreed upon purchase price of the aircraft and the amount realized upon its sale to a third party.

The facts set forth in the Acquesta affidavit adequately detail plaintiff's damages and provide a competent basis for this court to determine the amount of damages to be awarded in a default judgment.  I therefore recommend that plaintiff's motion for default judgment be granted and that the clerk be directed to enter judgment in plaintiff's favor in the amount of $988,980.00 USD.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Despite the issuance of a court directive that the defendant retain substitute counsel and a pointed warning that non-compliance could result in the defendant's answer being stricken and default judgment being entered, defendant has failed to secure an appearance of substitute counsel or to provide the court with explanation as to the reason for its failure.  Under these circumstances, and after careful consideration of all

---

[4]     The $100,000.00 deposit is included in this amount.

of the factors deemed appropriate, including the materials submitted with plaintiff's motion, I conclude that no relief short of striking defendant's answer and declaring it to be in default would be just and appropriate. Accordingly, it is hereby respectfully

RECOMMENDED that the answer of defendant Amari to plaintiff's complaint in this action, including its response to plaintiff's complaint, affirmative defenses, and counterclaim, Dkt. No. 26, be stricken, that plaintiff's application for the entry of default on the part of defendant Amari be GRANTED, and that the clerk be directed to enter default judgment in favor of plaintiff and against defendant in the amount of $988,980.00 USD.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules, and upon defendant Amari Aviation Ltd. by mail at the two addresses listed in the court's records.

12

Dated:    March 5, 2010
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge